Filed 8/1/22  Li v. Chiu CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CHARLES LI,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THAI MING CHIU et al.,<br><br>    Defendants and Appellants. | A163866<br><br>(San Francisco City & County Super. Ct. No. CGC-14-537574) |

### MEMORANDUM OPINION[1]

In this appeal — their latest effort in a years-long scheme to avoid paying a judgment they owe plaintiff Charles Li — defendants and judgment debtors Thai Ming Chiu and Tina Yan (collectively, defendants) challenge trial court orders directing the sale of their respective dwellings to satisfy the

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1. This is defendants' fifth appeal in this case. We incorporate by reference our opinions in two prior appeals — *Li v. Chiu* (May 31, 2018, A149849) [nonpub. opn.] (*Li I*), and *Li v. Chiu* (Dec. 22, 2020, A156760) [nonpub. opn.] (*Li II*) — and recite only those facts necessary to decide this appeal. For convenience, we refer to family members sharing a surname by their first names. We deny defendants' request for judicial notice of an unpublished appellate court decision. (*Airline Pilots Assn. Internat. v. United Airlines, Inc.* (2014) 223 Cal.App.4th 706, 724, fn. 7.)

1

judgment (sale orders). (Code Civ. Proc., § 704.740, all statutory references are to this code.) We affirm.

In 2010, Li filed a malpractice lawsuit against Demas Yan, who represented him in lawsuits concerning property ownership rights. The trial court found Demas had engaged in the unauthorized practice of law and was liable for, among other things, professional negligence and fraud. The court entered judgment for Li. To avoid paying the judgment, Demas transferred his ownership in real property to various limited liability companies and to family members — including his mother, Tina, and his brother-in-law, Chiu. (See *Li v. Yan* (2016) 247 Cal.App.4th 56, 59–62.) Demas was eventually declared a vexatious litigant and disbarred.

Li filed a fraudulent conveyance complaint against defendants and others. In 2016, the trial court entered judgment for Li and ordered defendants to pay damages and attorney fees. Defendants appealed. We reversed the attorney fee award against defendants but affirmed the judgment in all other respects. (*Li I*, *supra*, A149849.) In 2018, the trial court issued the operative second amended judgment (judgment) which, as relevant here, awarded Li $824,180.57 against Tina and $324,167.58 against Chiu. Thereafter, defendants moved to set aside the judgment. They asserted the judgment was void for granting relief unauthorized by the Uniform Voidable Transactions Act (Civ. Code, § 3439 et seq.; UVTA). The court denied the motion, and we affirmed. (*Li II*, *supra*, A156760.)

Defendants thwarted Li's efforts to enforce the judgment. For example, in May 2019, the trial court issued orders for the sale of defendants' respective dwellings to satisfy the judgment. Shortly thereafter, defendants conveyed a percentage of their real property to a limited liability company (LLC) created and controlled by their relatives. The LLC then declared

2

bankruptcy in two jurisdictions; the bankruptcy court determined the filings were "part of a scheme to hinder, delay, or defraud creditors." Defendants also appealed the orders for sale, insisting the orders were void because the judgment granted relief unauthorized under the UVTA. We rejected that argument and affirmed. (*Li v. Chiu* (Dec. 22, 2020, A158050) [nonpub. opn.] (*Li III*).)

In August 2021, Li filed new applications for the trial court to order the sale of defendants' dwellings. The applications stated defendants' properties were appraised in 2019 — Tina's property was valued at $1,775,000 and Chiu's at $1,425,000. Li stated the fair market value of Tina's property was between $500,000 and $1,775,000 based on the fact that Tina had, in 2019, conveyed one percent of the property to the LLC in exchange for $5,000. Li stated Chiu's property had a fair market value between $500,000 and $1,425,000 based on Chiu's 2019 conveyance of one percent of the property to the LLC for $5,000. The court issued orders to show cause.

In response, defendants argued Li's applications were "defective" because the appraisals were outdated. Defendants offered their opinions on the fair market value of their properties, and they rehashed arguments rejected in their prior appeals, including their contention that the judgment was void under the UVTA.

In October 2021, the trial court ordered Li to retain an appraiser to appraise the properties and ordered defendants to bear the cost of — and cooperate with — the appraisals. The court warned defendants that if they failed to comply with the order, the 2019 appraisals would serve as the "current valid appraisal for the Court's determination of the value" of the properties. Nevertheless, defendants did not cooperate with Li's attempt to have the properties appraised, and the court found their failure to cooperate

was "willful, deliberate and intentional." In December 2021, the court issued the sale orders. The orders state the fair market value of defendants' properties. Defendants appealed.

Having set forth the relevant background, we now dispose of defendants' challenge to the sale orders. The Enforcement of Judgments Law (§ 680.010 et seq.) authorizes a creditor holding a money judgment to enforce that judgment against a judgment debtor's property. (*Meyer v. Sheh* (2022) 74 Cal.App.5th 830, 837.) We need not restate each requirement of the comprehensive and detailed statutory scheme (*ibid.*), as the sole issue properly before us is whether the sale orders comply with section 704.780, subdivision (b), which obligates a trial court to determine whether a judgment debtor's property is subject to a statutory homestead exemption, and to determine the fair market value of the property and the amount of the homestead exemption. (*Kahn v. Berman* (1988) 198 Cal.App.3d 1499, 1509.)

The trial court complied with section 704.780, subdivision (b). It determined defendants' properties were subject to a homestead exemption, and it determined the fair market value of the properties, and the amount of the homestead exemption. These factual findings are supported by the record. (*Greif v. Sanin* (2022) 74 Cal.App.5th 412, 443–446; *Abbett Electric Corp. v. Storek* (1994) 22 Cal.App.4th 1460, 1469.) Defendants' disagreement with the court's fair market value determination is not a basis for reversal. The court was not — as defendants seem to suggest — required to accept their opinion regarding the value of the properties. (*Greif*, at p. 444.) And defendants' reliance on *Wells Fargo Financial Leasing, Inc. v. D & M Cabinets* (2009) 177 Cal.App.4th 59 is unavailing, as that case concerned

4

a judgment creditor's attempt to circumvent the Enforcement of Judgments Law by applying for an order authorizing a receiver to sell an owner-occupied dwelling. (*Wells Fargo*, at pp. 62–63.)

Defendants' other arguments are meritless. For example, defendants assert the trial court failed to comply with section 704.780, subdivision (d), which gives a court discretion to appoint a qualified appraiser to help determine fair market value and requires the court to fix the appraiser's compensation. Defendants' argument is forfeited as it was not raised in the trial court. (*Sander v. Superior Court* (2018) 26 Cal.App.5th 651, 670.) Even if preserved for appeal, the argument would fail, as defendants concede the court was not *required* to appoint an appraiser (*Abbett Electric Corp. v. Storek, supra*, 22 Cal.App.4th at p. 1470), and they do not dispute the trial court's finding that they sabotaged Li's effort to have the properties appraised. Defendants' additional contention — that the underlying judgment is void for granting relief unauthorized by the UVTA — is a rehash of an argument we have twice rejected. (*Li II, supra*, A156760; *Li III, supra*, A158050.) Neither defendants' exposition on collateral attacks of void judgments nor their reliance on *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489 persuades us to reach a different result here.

Finally, we deny Li's request to sanction defendants for prosecuting a frivolous appeal as the request was presented in his brief and not by a motion with a supporting declaration. (*FEI Enterprises, Inc. v. Yoon* (2011) 194 Cal.App.4th 790, 807; Cal. Rules of Court, rule 8.276(b)(1).) But we warn defendants that relitigating issues previously decided against them in subsequent appeals may subject defendants to sanctions. (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

5

## DISPOSITION

The orders dated October 26 and December 1, 2021 are affirmed. Li is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____
Rodríguez, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.

A163866